## TOWNSEND *v.* HARRISON.

The privilege granted to an artificer or laborer, on the buildings or other works constructed by him, for the payment of his labor, will exist, as between the parties to the contract, though the work exceed five hundred dollars in value and the contract has not been registered with the recorder of mortgages. The parties to a contract cannot take advantage of its non-inscription.

A PPEAL from the District Court of Iberville, *Nicholls,* J.

W. E. *Edwards,* for the plaintiff.

*Labauve,* for the appellant.    Plaintiff is not entitled to any privilege.    Civil Code, arts. 2743, 2746, 3152, 3239.    *Taylor* v. *Crain,* 16 La. 292.

The judgment of the court was pronounced by

ROST, J.    This is a most unjust litigation, on the part of the defendant.    The plaintiff claims the stipulated compensation for putting up two sets of kettles and their chimneys, making the sugar-mill and engine walls, putting up the engine and boilers, and doing other work in the sugar-house of the defendant. It is conclusively proved that the work was faithfully done, and that the kettles performed uncommonly well.    The compensation claimed for the work is much below the usual price, and the defendant has shown no reason to resist the payment of the sum agreed upon by him.    The case was tried before a jury, who returned the following verdict:

" Verdict in favor of plaintiff for the the sum of four hundred and forty-five dollars and sixty-two and a half cents, with legal interest from the institution of this suit, and that the plaintiff be granted a privilege upon the sugar-house and mill belonging to the defendant, *Samuel J. Harrison,* to secure the payment of the plaintiff's claim and the costs of this suit."

Judgment was rendered in favor of the plaintiff, and the defendant has appealed.    The appellee has prayed for the affirmance of the judgment, with damages for a frivolous appeal.

The appellant asks a reversal of the judgment, on the ground that it is unsupported by the law and evidence; and that, as the contract entered into detween the plaintiff and the defendant exceeds five hundred dollars in amount, and has not been recorded, the plaintiff is not entitled to the privilege given him by the judgment; and further, that interest was improperly allowed from the judicial demand.

The first ground has already been answered.    In the case of *Shepherd* v. *The Orleans Cotton Press Company, ante* page 100, lately determined, we held that, parties to a contract cannot take advantage of the non-inscription of the mortgage which it creates, or which results from it by the operation of law. The same rule applies to privileges like the present.    Interest upon the balance claimed was clearly due from the time the defendant was put in default by the judicial demand.                    *Judgment affirmed.*